\*E-FILED 8/25/08\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

REMBERTO SANDOVAL-VALENZUELA,

    Plaintiff,

v.

EMILIO GONZALEZ, et al.

    Defendants.

NO. C 08-2361 RS

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

## I. INTRODUCTION

Federal officer defendants Emilio Gonzalez, Rosemary Melville, and Frank Siciliano (collectively "defendants") move to dismiss plaintiff Remberto Sandoval-Valenzuela's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Sandoval-Valenzuela opposes the motion. For the reasons set forth below, defendants' motion to dismiss for failure to state a claim will be granted.

## II. BACKGROUND

Sandoval-Valenzuela, a native and citizen of Mexico, is a lawful permanent resident of the United States. In 1984, he was convicted of rape by force or fear of a fifteen-year-old girl. He was sentenced to eight years in prison of which he served four years and three months. In 1994, Sandoval-Valenzuela was convicted of failing to register as a sex offender, a misdemeanor, in violation of California Penal Code § 290. The court imposed no punishment.

1

On February 22, 2006, Sandoval-Valenzuela received a notice to appear to begin removal proceedings under INA § 237(a)(2)(A)(iii) as an alien convicted of an aggravated felony, and as an alien convicted of two crimes involving moral turpitude. On February 12, 2007, while in removal proceedings, Sandoval-Valenzuela filed an N-400 application for naturalization. Under 8 U.S.C. § 1429, however, Sandoval-Valenzuela's application could not be considered while removal proceedings were pending.

Consequently, Sandoval-Valenzuela filed a motion to terminate the proceedings under 8 C.F.R. § 1239.2(f), which provides that an immigration judge may terminate proceedings where the respondent is prima facie eligible for naturalization and there exists exceptionally appealing and/or humanitarian circumstances. On April 2, 2007, and again on June 11, 2007, Sandoval-Valenzuela wrote to the United States Citizenship & Immigration Services ("USCIS")[1] seeking a finding, styled as an "affirmative communication," that he was prima facie eligible to apply for naturalization. Independent of his requests, on August 13, 2007, Sandoval-Valenzuela received a notice from USCIS requesting his appearance on October 4, 2007, for an interview in connection with his application for naturalization.

At the merits hearing on August 29, 2007, Sandoval-Valenzuela asked the immigration court to issue its own prima facie determination as to his eligibility to apply for naturalization. He asked the court to construe USCIS's August 13, 2007 interview notice to appear for an examination regarding his application for naturalization as an affirmative communication establishing his prima facie eligibility. The court denied Sandoval-Valenzuela's request and he was ordered deported.[2]

On October 4, 2007, Sandoval-Valenzuela appeared for his interview with USCIS as requested under the August 13, 2007 notice. After Sandoval-Valenzuela informed the USCIS officer

---

[1] USCIS is the agency within the Department of Homeland Security ("DHS") charged with adjudicating immigration benefits. Previously, the Attorney General delegated authority to administer naturalization to the INS. However, "the INS ceased to exist as an independent agency and delegate of the Attorney General . . . when its functions, including naturalization, were transferred to the [DHS]." *De Lara Bellajaro v. Schiltgen*, 378 F.3d 1042, 1043 n.1 (9th Cir. 2004). Any reference to DHS below is synonymous with USCIS for the purposes of this motion.

[2] After the Bureau of Immigration Appeals ("BIA") denied Sandoval-Valenzuela's appeal on April 11, 2007, Sandoval-Valenzuela filed a petition for review and a request for stay of deportation with the Ninth Circuit on April 18, 2008, which is still pending.

2

1 that the immigration court had denied his requests for relief in the removal proceeding, the officer
2 then advised Sandoval-Valenzuela that he could not proceed with the interview. The officer
3 instructed Sandoval-Valenzuela to file another request for prima facie determination that the officer
4 would review with his supervising office. On October 4, 2007, Sandoval-Valenzuela submitted that
5 letter, but has yet to receive a response from USCIS on any of his three requests for prima facie
6 determination.

7 On May 9, 2008, Sandoval-Valenzuela filed his first amended complaint for mandamus and
8 declaratory relief. Sandoval-Valenzuela challenges USCIS's failure to issue any finding regarding
9 his prima facie eligibility for naturalization. He asks this Court to compel USCIS to determine his
10 prima facie eligibility, to declare the failure to do so illegal, arbitrary, capricious, and an abuse of
11 discretion, and to award reasonable costs. Defendants seek to dismiss Sandoval-Valenzuela's
12 complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can
13 be granted.

### III. LEGAL STANDARD

15 A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction
16 over the claims asserted. As Sandoval-Valenzuela is the party seeking to invoke the court's
17 jurisdiction, he bears the burden of establishing it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511
18 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221,
19 1225 (9th Cir. 1989). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may
20 be made on the grounds that the complaint fails to present such a jurisdictional basis, i.e., that the
21 lack of jurisdiction appears from the "face of the complaint," or as a matter of fact, i.e., lack of
22 jurisdiction based on extrinsic evidence apart from the pleadings. *Warren v. Fox Family Worldwide,*
23 *Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *McMorgan & Co. v. First Calif. Mortgage Co.*, 916 F.
24 Supp. 966, 973 (N.D. Cal. 1995).

25 A complaint may be dismissed as a matter of law pursuant to Rule 12(b)(6) for one of two
26 reasons: (1) Lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal
27 theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*,
28 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of

1 material fact in the complaint are taken as true and construed in the light most favorable to the non-
2 moving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Clegg v.*
3 *Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

4     "A complaint should not be dismissed unless it appears beyond doubt the plaintiff can prove
5 no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. The
6 court, however, "is not required to accept legal conclusions cast in the form of factual allegations if
7 those conclusions cannot reasonably be drawn from the facts alleged." *Id*. at 754-55. A court's
8 review is limited to the face of the complaint, documents the complaint references, and matters of
9 which the court may take judicial notice. *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d
10 1399, 1405 n.4 (9th Cir. 1996); *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991).

11     Motions to dismiss generally are viewed with disfavor and are to be granted rarely. *See*
12 *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Leave to amend must be granted
13 unless it is clear that amendments cannot cure the complaint's deficiencies. *Lucas v. Dep't of Corr.*,
14 66 F.3d 245, 248 (9th Cir. 1995). That said, when amendment would be futile, dismissal may be
15 ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845
16 F.2d 193, 195-96 (9th Cir. 1988); *Beezley v. Fremont Indem. Co.*, 804 F.2d 530, 531 (9th Cir. 1986)
17 (*per curiam*).

18 IV. DISCUSSION

19 A.    <u>Failure to State A Claim</u>

20     Sandoval-Valenzuela is not asking this Court to decide his prima facie eligibility for
21 citizenship, but rather to compel USCIS to make a determination — whether it be positive or
22 negative — on that question. Defendants counter that USCIS does not need to make such a
23 determination because its authority to issue prima facie eligibility statements is completely
24 discretionary with respect to aliens in the midst of removal proceedings. Sandoval-Valenzuela
25 responds that USCIS is indeed required under 8 C.F.R. § 1239.2(f) to provide a statement, and if not,
26 such a statement is required under the Administrative Procedure Act ("APA") through a writ of
27 mandamus.
28

4

Section 1239.2(f) reads: "An immigration judge *may* terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors." 8 C.F.R. § 1239.2(f) (emphasis added). "The regulation requires that the alien establish prima facie eligibility for naturalization before a motion to terminate may be granted." *Matter of Cruz*, 15 I. & N. Dec. 236, 237 (BIA 1975).[3] In *Hidalgo*, 24 I. & N. Dec. at 103, the court held that "[b]ecause the [BIA] and the Immigration Judges lack jurisdiction to adjudicate applications for naturalization, removal proceedings may only be terminated pursuant to 8 C.F.R. § 1239.2(f) (2006) where [DHS] has presented an affirmative communication attesting to an alien's prima facie eligibility for naturalization." The court stated that its reasoning was grounded in the limitation Congress imposed on DHS's authority to adjudicate naturalization applications in order to "'prevent a race between the alien to gain citizenship and the Attorney General to deport him.'" *Id*. at 107 (quoting *Apokarina v. Ashcroft*, 232 F. Supp. 2d 414, 415 (E.D. Pa. 2002)). The court continued: "Congress's purpose was 'to give priority to deportation/removal proceedings over naturalization proceedings' and to 'prevent a race between an alien, seeking to be naturalized, and immigration authorities who needed to complete removal proceedings.'" *Id*. (quoting *Apokarina*, 232 F. Supp. 2d at 416 n.10).

Of particular relevance to the instant case, the *Hidalgo* court stated that it did not have the authority to compel DHS to acknowledge a respondent's prima facie eligibility for naturalization, and accordingly DHS had discretion not to respond, either positively or negatively, to a request for a prima facie eligibility determination. *Id*. at 107-08. More recently, in *Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 934 (9th Cir. 2007), petitioner contended that requiring aliens to obtain statements from DHS in order to establish prima facie eligibility for naturalization was inconsistent with Section 1239.2(f) because, by refusing to provide such statements, DHS could prevent immigration judges from exercising their discretion to terminate removal proceedings. The Ninth

---

[3] In *Cruz* the court considered 8 C.F.R. § 242.7 (1975), which is the predecessor to the current regulation, 8 C.F.R. § 1239.2(f), and is essentially identical to it. *In re Hidalgo*, 24 I. & N. Dec. 103, 104 (BIA 2007).

5

Circuit nonetheless held that the BIA's interpretation of Section 1239.2(f) in *Cruz* and *Hidalgo* was consistent with the purpose of that regulation; that is, USCIS's silence in issuing a prima facie eligibility determination comported with Section 1239.2(f). *Id*. In reaching its conclusion, the court explained that:

> The plain purpose of [8 C.F.R. § 1239.2(f)] is to allow the [immigration judge] discretion to terminate proceedings in cases involving "exceptionally appealing or humanitarian factors," so that such aliens can apply for naturalization. If [USCIS] has already declined to state that an alien is prima facie eligible for naturalization, terminating the removal proceedings under § 1239.2(f) is likely to produce unwarranted delay. In such circumstances, [USCIS] is virtually certain to deny naturalization, and then will be required to recommence removal proceedings after that denial. Such inefficiency would be inconsistent with § 1239.2(f), which states that, in every other case, the removal hearing shall be completed *as promptly as possible*.

*Id*. at 934-35 (citation omitted).

In the instant case, USCIS has thus far declined to state whether Sandoval-Valenzuela is prima facie eligible for naturalization. Yet as noted in *Hernandez*, the USCIS's silence is consistent with Section 1239.2(f) in that USCIS may issue prima facie eligibility statements, but need not do so as it pertains to a petitioner in removal proceedings such as Sandoval-Valenzuela. Therefore, Sandoval-Valenzuela's argument that USCIS is required to issue a statement pursuant to 8 C.F.R. § 1239.2(f) fails.

Sandoval-Valenzuela next contends that the Court may order USCIS to determine his prima facie eligibility for naturalization pursuant to Section 706(1) of the APA, which permits the Court to compel agency action that is unlawfully withheld or unreasonably delayed. Section 706(1), however, applies only when "plaintiff asserts that an agency failed to take a discrete agency action that it is *required* to take." *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis added). As discussed above, Sandoval-Valenzuela's prima facie eligibility for naturalization is completely within USCIS's discretion and therefore not required. Thus, Section 706(1) of the APA does not provide a basis for the Court to compel USCIS to determine Sandoval-Valenzuela's prima facie eligibility for naturalization because the Court cannot compel an agency action where the decision not to act is other than arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 706(2)(A).

6

1       The Court also cannot compel USCIS to make a determination regarding Sandoval-
2 Valenzuela's prima facie eligibility for naturalization through mandamus.  The Writ of Mandamus is
3 a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'"  *Cheney v. U.S. Dist.*
4 *Ct.*, 542 U.S. 367, 369 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)).  As the
5 United States Supreme Court explained:

6      [T]he Writ is one of the most potent weapons in the judicial arsenal, three conditions
      must be satisfied before it may issue. First, the party seeking issuance of the writ must
7      have no other adequate means to attain the relief he desires-a condition designed to
      ensure that the writ will not be used as a substitute for the regular appeals process.
8      Second, the petitioner must satisfy the burden of showing that [his] right to issuance
      of the writ is clear and indisputable.  Third, even if the first two prerequisites have
9      been met, the issuing court, in the exercise of its discretion, must be satisfied that the
      writ is appropriate under the circumstances.
10

11 *Id*. at 380-81 (citations and quotations omitted).  Said another way, "[f]or mandamus relief, three
12 elements must be satisfied: '(1) the plaintiff's claim is clear and certain; (2) the [defendant official's]
13 duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate
14 remedy is available.'"  *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003) (quoting *R.T.*
15 *Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 n.5 (9th Cir. 1997)).  "The trial court retains
16 discretion in ordering mandamus relief, however, even if all elements are satisfied."  *Indep. Mining*
17 *Co. v. Babbitt*, 105 F.3d 502, 505 (9th Cir. 1997).

18       Again, as provided above, neither is USCIS required to issue a determination as to a person's
19 prima facie eligibility for naturalization pursuant to 8 C.F.R. § 1239.2(f), nor has any court
20 concluded that USCIS has a mandatory duty to make such a determination.  Although USCIS may
21 issue a determination of eligibility, Sandoval-Valenzuela has not identified that USCIS's duty is "so
22 plainly prescribed as to be free from doubt" that USCIS must do so.  Consequently, the Court will
23 not compel USCIS, through mandamus, to make a determination as to Sandoval-Valenzuela's prima
24 facie eligibility for naturalization.

25       Without any existing statutes, regulations, or court decisions teaching that USCIS has a
26 mandatory duty to issue a determination as to Sandoval-Valenzuela's prima facie eligibility for
27 naturalization, defendants' motion to dismiss for failure to state a claim must be granted.
28

B.  Subject Matter Jurisdiction

While raised in the complaint, Sandoval-Valenzuela and defendants in their motion papers did not discuss the applicability of federal question jurisdiction under 28 U.S.C. § 1331 in this context. It was not until oral argument that Sandoval-Valenzuela revived the suggestion that federal question subject matter jurisdiction may apply here. The bulk of the motion papers submitted focused on whether or not the Court could exercise subject matter jurisdiction under the APA, the All Writs Act, or the Declaratory Judgment Act. Neither the All Writs Act nor the Declaratory Judgment Act provides subject matter jurisdiction in this case because neither provides an independent jurisdictional basis. As explained above, the APA similarly also does not provide jurisdiction because USCIS is not required to take action in regards to prima facie eligibility determinations. In any event, in light of Sandoval-Valenzuela's failure to state a claim under Rule 12(b)(6), the question of whether or not federal question jurisdiction could be invoked in this instance is moot.

## V. CONCLUSION

Defendants' motion to dismiss is granted. As amendment in this instance would be futile, dismissal without leave to amend is warranted.

IT IS SO ORDERED.

Dated: August 25, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE
C 08-2361 RS

8

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Bernadette Willeke Connolly     bwconnolly@aol.com

Carole M Mesrobian     cmesrobian@mesrolaw.com

Ila Casy Deiss     ila.deiss@usdoj.gov, tiffani.chiu@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 8/25/08**                                             **Richard W. Wieking, Clerk**

                                                                              **By:      Chambers**

ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE
C 08-2361 RS

9